UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DEBORAH STEIN,

          Plaintiff,

Vs.                                    DOCKET No. 6:13-cv-580-ORL-28GJK

RALPH BOWERS, a City of Fruitland Park
Employee, in his individual capacity;
CITY OF FRUITLAND PARK, a Municipal Corporation
Incorporated under the State of Florida        CIVIL ACTION

          Defendants         /

## COMPLAINT
## AND DEMAND FOR JURY TRIAL

Plaintiff, DEBORAH STEIN (STEIN) residing at 1202 Padgett Circle, Lady Lake, Florida, files this complaint and alleges:

### JURISDICTION AND VENUE

1. This is an action arising pursuant to 42 U.S.C. 1983, 1988, 2000 and the Fourth and Fourteenth Amendments to the Florida Constitution as well as other claims.

2. This is a claim in excess of $15,000.

3. Venue is proper in the Middle District of Florida as the cause of action arose in Lake County, Florida.

### PARTIES

4. At all times relevant hereto, Plaintiff STEIN resided at 1202 Padgett Circle, Lady Lake, Florida 32159.

5. At all times relevant herto, Defendant, RALPH BOWERS (BOWERS), was employee and City Manager of Defendant CITY OF FRUITLAND PARK, Florida. a municipal corporation, acting as an agent, servant, employee of the CITY OF FRUITLAND PARK at all times relevant.

6. At all times relevant hereto the CITY OF FRUITLAND PARK was a governmental agency organized and existing under the laws of The State of Florida with its principle place of business located at 506 Berkman Street, Fruitland Park, Florida, 34731, and the employer of the Defendant BOWERS.

## ALLEGATIONS

7. Plaintiff, STEIN, readopts and re-alleges paragraph 1-6 above in its entirety and makes the same a part hereof by reference thereto.

8. On or about October 1, 2010, Defendant BOWERS requested that Plaintiff STEIN begin a sexual relationship with him that included both intercourse, and oral sex.

9. At the time, Plaintiff STEIN was employed by Defendant CITY OF FRUITLAND PARK as a custodian, tasked with the basic cleaning of offices and public areas controlled by Defendant CITY OF FRUITLAND PARK.

10. At the time, Defendant BOWERS was employed by Defendant CITY OF FRUITLAND PARK as the City Manager, tasked with being the Chief Operating Officer of the City of Fruitland Park, supervised the administration of all departments, offices and agencies of the City and attended all meetings of the City Commission. The City manager prepared and submits the annual budget, and capital programs budget to the Commission. The City manager also submits the certified annual audit of the City's funds to the Commission for approval.

The Manager also required to carry out multiple tasks to see that the business of the City is proceeding toward the best interest of the citizens of Fruitland Park.

11. Defendant BOWERS told Plaintiff STEIN that if she did not engage in a sexual relationship with him, he could, and would have her terminated from her job as custodian for Defendant CITY OF FRUITLAND PARK.

12. As City manager, BOWERS oversaw all departments of the CITY OF FRUITLAND PARK and had the authority to either terminate Plaintiff STEIN outright, or adjust the budget to eliminate her position entirely, which he threatened to do on numerous occassions.

13. Plaintiff STEIN agreed, under this pressure, to engage in a sexual relationship with Defendant BOWERS, and each time she was reluctant to engage in a particularly uncomfortable sexual act, Defendant BOWERS would remind her of his ability to terminate her or eliminate her position with the Defendant CITY OF FRUITLAND PARK.

14. During this same time, Defendant BOWERS ordered and was granted permission to have Plaintiff STEIN visit his private home on her days off from work, where she would clean his home and then engage in sexual activity with Defendant BOWERS for gifts and pay.

15. Plaintiff STEIN was also required by Defendant BOWERS to sexually service him in his office as City manager of Defendant CITY OF FRUITLAND PARK during business hours, and while he was supposed to be performing his duties as City manager for Defendant CITY OF FRUITLAND PARK.

16. This sexual relationship continued for over two (2) years over which time Defendant BOWERS continued to alternate threatening Plaintiff STEIN with termination, and consoling her by promises to protect her against the termination wishes of other City employees or cuts in the budget that he had control over.

17. This relationship was exposed to the Defendant CITY OF FRUITLAND PARK on June 14, 2012 at a public City Counsel meeting, but no action was taken at that time either to investigate, or otherwise deal with the allegations of impropriety levied.

18. Plaintiff STEIN attempted several times to end the relationship with Defendant BOWERS, but was constantly and consistently reminded that her failure to provide sexual favors for Defendant BOWERS would result in her losing her job. Attempts to inform others in administrative positions with Defendant CITY OF FRUITLAND PARK were met with negative results, even after the June 14, 2012 public meeting.

19. Defendant BOWERS continued to sexual harass and intimidate Plaintiff STEIN, and stopped only until he was placed on full paid leave from his position on November 8, 2012, when Plaintiff STEIN notified the police of what she considered was criminal activity.

20. It has since been learned that prior to being hired as City manager for Defendant CITY OF FRUITLAND PARK, Defendant BOWERS was involved in other claims of sexual harassment and/or impropriety while employed with another City government, and Defendant CITY OF FRUITLAND PARK was aware of this claim(s) when they hired Defendant BOWERS.

21. After learning of the relationship between STEIN and BOWERS, Defendant CITY OF FRUITLAND PARK never terminated or investigated Defendant BOWERS or

Plaintiff's STEIN'S allegations, despite them being reported to several officials and agents of Defendant CITY OF FRUITLAND PARK.

## COUNT I SEXUAL HARASSMENT 42 U.S.C. 2000
## (DEFENDANT BOWERS)

22. Plaintiff, STEIN, readopts and re-alleges paragraph 1-21 above in its entirety and makes the same a part hereof by reference thereto.

23. From October 2010 to October 2012, Defendant BOWERS created a hostile and abusive work environment for Plaintiff DEBORAH STEIN by using his power and influence as City Manager for Defendant CITY OF FRUITLAND PARK to force and coerce Plaintiff STEIN into a improper and involuntary sexual relationship which involved the performance of sexual favors by Plaintiff STEIN in response to threats and promises regarding her employment made by Defendant BOWERS and thus created environment where she was powerless to refuse his sexual advances both in and outside of the workplace.

24. The words and actions of Defendant BOWERS created a hostile work environment, the threats and promises served no governmental function, and were unlawful.

25. As a direct and proximate cause of the actions of Defendant BOWERS, Plaintiff STEIN suffered physical, emotional, and mental injury that is ongoing to this day.

26. As a direct result of this harassment, Plaintiff has suffered damages that include physical inconvenience, physical discomfort, loss of time, mental suffering, embarrassment, humiliation, disgrace and injury to her reputation, the emotional aspects of which are continuing to this day and are likely to continue in the future.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, DEBORAH STEIN requests Judgment against Defendant, RALPH BOWERS for:

    a.    Compensatory damages for the past and future pain and suffering, and past and future humiliation, emotional and embarrassment,

    b.    Attorney's fees and costs pursuant to 42 U.S.C. 1988,

    c.    Trial by jury on all issues so triable,

    d.    Such other relief as the Court mat deem just, proper and equitable.

## **COUNT II 42 U.S.C. 1983 VIOLATION OF CIVIL RIGHTS (DEFENDANT RALPH BOWERS)**

27.    Plaintiff, STEIN, readopts and re-alleges paragraph 1-21 above in its entirety and makes the same a part hereof by reference thereto.

28.    Plaintiff has the right under the Constitution of the United States to be secure from unlawful battery and unlawful restraint of her person and liberty, which may only be restricted upon due process of law under the Fourth and Fourteenth Amendments to the United States Constitution.

29.    From October 2010 to October 2012, acting under color of authority as an the City Manager of the Defendant CITY OF FRUITLAND PARK, as upmost supervisor of Plaintiff STEIN, and agent of Defendant, CITY OF FRUITLAND PARK, deprived Plaintiff of her rights under the United States Constitution, in violation of U.S.C. 1983, in that, Defendant BOWERS, illegally battered, restrained, and sexually assaulted Plaintiff STEIN, thereby causing Plaintiff physical and emotional pain and suffering. Defendant

BOWERS had no legal right to or touch Plaintiff or force Plaintiff through threats and coercion, using his position of power and authority, to touch Defendant BOWERS in a sexual manner. Defendant BOWERS' techniques of using his position of power and authority to illegally touch Plaintiff without her consent, could not have been completed or done unless he used his power and authority over Plaintiff STEIN via her employment and as her supervisor.

30. As a result, Plaintiff STEIN was deprived of her rights under the Fourth, and Fourteenth Amendments to the Constitution of the United States. Violation of these rights entitles Plaintiff to an award of damages for loss of those rights and the damages that resulted there from.

31. Defendant BOWERS knew that his actions would deprive Plaintiff STEIN of her Constitutional rights but proceeded with the unlawful actions with willful disregard for the consequences of said actions.

32. As a direct result of Defendant BOWERS' actions, Plaintiff has suffered damages, including, but not limited to, physical inconvenience, physical discomfort and pain, physical suffering, medical expenses, emotional damage, mental suffering, which exist to this day, and which emotional suffering and damage is likely to continue in the future.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff, DEBORAH STEIN requests Judgment against Defendant, RALPH BOWERS for:

a. Compensatory damages for the past and future pain and suffering,

and past and future humiliation, emotional and embarrassment,

    b.    Attorney's fees and costs pursuant to 42 U.S.C. 1988,

    c.    Trial by jury on all issues so triable,

    d.    Such other relief as the Court mat deem just, proper and equitable.

### COUNT III 42 U.S.C. 1983 VIOLATION OF CIVIL RIGHTS (DEFENDANT CITY OF FRUITLAND PARK)

33.    Plaintiff, DEBORAH STEIN, readopts and re-alleges paragraph 1-20 above in its entirety and makes the same a part hereof by reference thereto.

34.    Plaintiff has the right under the Constitution of the United States to be secure from sexual harassment and inappropriate comments and actions by Municipal agents creating a hostile work environment.

35.    Defendant CITY OF FRUITLAND PARK was made aware of the relationship between Plaintiff STEIN and Defendant BOWERS no later than June of 2012, but took no action, made no inquiry or investigation, and took no steps to protect or alleviating the hostile work environment until November of 2012, when they placed Defendant BOWERS on paid leave and prohibited him from overseeing City employees.

36.    These actions were only taken by Defendant CITY OF FRUITLAND PARK after Plaintiff STEIN made a formal criminal complaint with the Lake County Sheriff's Office against Defendant BOWERS.

37.    Defendant CITY OF FRUITLAND PARK knew or should have known of the hostile work environment that Defendant BOWERS had created for Plaintiff STEIN, but did not act until several months after this knowledge was public, and only after a formal police investigation was initiated and that their actions (or lack of action) would deprive

Plaintiff of her Constitutional rights but proceeded with willful disregard for the consequences of said actions or lack thereof.

38. As a direct result of Defendant CITY OF FRUITLAND PARK'S actions, Plaintiff STEIN has suffered damages, including, but not limited to, physical inconvenience, physical discomfort and pain, physical suffering, medical expenses, emotional damage, mental suffering, damage to her reputation, and all other damages associated with Plaintiff's battery and detention, which exist to this day and which emotional suffering and damage is likely to continue in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, DEBORAH STEIN requests Judgment against Defendant, CITY OF FRUITLAND PARK for:

   a. Compensatory damages for the past and future pain and suffering, and past and future humiliation, emotional and embarrassment,

   b. Attorney's fees and costs pursuant to 42 U.S.C. 1988,

   c. Trial by jury on all issues so triable,

   d. Such other relief as the Court mat deem just, proper and equitable.

## COUNT IV NEGLIGENT HIRING
## (DEFENDANT CITY OF FRUITLAND PARK)

39. Plaintiff, DEBORAH STEIN, readopts and re-alleges paragraph 1-21 above in its entirety and makes the same a part hereof by reference thereto.

40. Defendant CITY OF FRUITLAND PARK knowingly and with forethought, hired Defendant BOWERS with the knowledge that he was accused of sexual harassment or

improper sexual conduct as City Manager of the City of Jasper, Florida, in 2004 and 2006 respectively, and was terminated from the City of Jasper, Florida for the 2006 incident.

41. The negligent hiring of Defendant BOWERS, exposed Plaintiff STEIN to a hostile and physically and mentally damaging work environment, because but for Defendant CITY OF FRUITLAND PARK'S hiring of Defendant BOWERS, plaintiff STEIN would not have been exposed to his sexual advances in a position of power over her, and those advances and subsequent acts were a proximate cause of the threats and coercion used by Defendant BOWERS to force Plaintiff STEIN into a sexual relationship with him.

42. As a result, of said negligence, Plaintiff was deprived of her rights under the Fourth, and Fourteenth Amendments to the Constitution of the United States. Violation of these rights entitles Plaintiff to an award of damages for loss of those rights and the damages that resulted there from. Plaintiff also suffered continued pain and suffering, physical, emotional, and psychological in nature, and continues to this day.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, DEBORAH STEIN requests Judgment against Defendant, CITY OF FRUITLAND PARK for:

    a. Compensatory damages for the past and future pain and suffering, and past and future humiliation, emotional and embarrassment,

    b. Trial by jury on all issues so triable,

    c. Such other relief as the Court mat deem just, proper and equitable.

## COUNT V NEGLIGENT RENTENTION
## (PLAINTIFF CITY OF FRUITLAND PARK)

43. Plaintiff, DEBORAH STEIN, readopts and re-alleges paragraph 1-20 above in its entirety and makes the same a part hereof by reference thereto.

44. Defendant CITY OF FRUITLAND PARK knowingly and with forethought, retained and continued the employment of Defendant BOWERS with the knowledge that there was an allegation of sexual impropriety levied against him in June of 2012 by a city employee, and did not act to investigate, prevent, or terminate his employment until January of 2013.

45. This negligent retention of Defendant BOWERS by Defendant CITY OF FRUITLAND PARK was a proximate cause of Plaintiff's injuries, both physical and mental, and but for their inaction of investigating these claims in June 2012 and waiting until November of 2012 to suspend Defendant BOWERS, Plaintiff STEIN would not have been exposed to Defendant BOWERS' sexual advances and power for that period of time and served to instill in Plaintiff the belief that Defendant CITY OF FRUITLAND PARK not only tolerated the actions of Defendant BOWERS, but condoned them as well.

46. This negligence created and continued a hostile work environment for Plaintiff STEIN, as their inaction or lack of response to the allegations only further cemented Defendant BOWERS' position of power and dominance over Plaintiff.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, DEBORAH STEIN requests Judgment against Defendant, CITY OF FRUITLAND PARK for:

      a.    Compensatory damages for the past and future pain and suffering, and past and future humiliation, emotional and embarrassment,

      b.    Trial by jury on all issues so triable,

      c.    Such other relief as the Court mat deem just, proper and equitable.

Dated, this 8th Day of April, 2013.

 

_____
THOMAS B. LUKA, ESQ.
Adams & Luka, PA
Florida Bar No. 187770
250 E. Colonial Drive, Suite 250
Orlando, Florida 32801
(407) 895-8887
Fax (407) 895-3928